UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZAP AVIATION, LLC,

    Plaintiff,

v.                                    Case No. 6:23-cv-1149-RBD-LHP

NXT JET, INC.; KEVIN WARGO;
CHRIS TASCA; MARCELLO
RUBANO; and FLY ALLIANCE
CHARTER, LLC,

    Defendants.
_____

**ORDER**

On *sua sponte* review of the Complaint (Doc. 5), Plaintiff has failed to establish subject matter jurisdiction and the Complaint is a shotgun pleading.

First, the Court looks to subject matter jurisdiction. Federal courts have the "power to decide only certain types of cases"—including cases brought based on diversity jurisdiction under 28 U.S.C. § 1332. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). In such cases, the Court must ensure the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Here, Plaintiff's diversity allegations are deficient in multiple ways. Plaintiff alleges that it is an LLC and its "sole principal" is a New York resident. (Doc. 5, ¶ 1.) But this is insufficient, as Plaintiff must allege the identity and citizenship of each of the LLC's members to establish diversity. *See TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co.*, No. 6:17-cv-920, 2017 WL 8941180, at *1 (M.D. Fla. June 22, 2017). Next, Plaintiff alleges that Defendant Fly Alliance Charter, LLC ("FAC") is a Delaware corporation with a principal place of business in Florida. (Doc. 5, ¶ 5.) But as the name suggests, FAC is an LLC, not a corporation, so Plaintiff must also identify and allege the citizenship of each member to establish FAC's citizenship. *See Rolling Greens*, 374 F.3d at 1021–22; *TMH Med. Servs.*, 2017 WL 8941180, at *1. Further, Plaintiff alleges that, "upon information and belief," Defendants Kevin Wargo, Chris Tasca, and Marcello Rubano are residents of Florida and Rhode Island. (Doc. 5, ¶¶ 7–9.) This too is insufficient—Plaintiff must allege domicile (residence *plus* an intent to remain) for the individual Defendants. *See Taylor*, 30 F.3d at 1367. A person's intent to remain can be demonstrated by the homestead exemption, voter registration, licenses, and the like. *See Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119, 2011 WL 13298737, at *3 (M.D. Fla.

2

Sept. 20, 2011); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016), *adopted*, 2017 WL 382616 (N.D. Ga. Jan. 27, 2017). And these allegations cannot be made on information and belief. *See Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019).

Second, "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). So courts are faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id.* Shotgun pleadings are "altogether unacceptable," and plaintiffs must replead. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Here, Counts II–V of the Complaint incorporate foregoing allegations, including those of the previous counts. (Doc. 5, ¶¶ 84, 96, 107, 135.) So the Complaint is an impermissible shotgun pleading and must be dismissed. Plaintiff's amended complaint should clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint (Doc. 5) is **DISMISSED WITHOUT**

**PREJUDICE**.

2. By **Thursday, July 13, 2023**, Plaintiff may file a second amended complaint. Failure to timely file or adequately address the issues in this Order may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 27, 2023.



ROY B. DALTON JR.
United States District Judge