**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ZAP AVIATION, LLC,

    Plaintiff,

v.     Case No:   6:23-cv-1149-RBD-LHP

NXT JET, INC. and KEVIN WARGO,

    Defendants

---

**ORDER**

This cause comes before the Court on review of Plaintiff's Amended Motion and Memorandum in Support of Sanctions for Defendant's Failure to Appear at Court-Ordered Mediation (Doc. No. 69) and Defendants' Opposition (Doc. No. 71).[1] Upon consideration, the Court will require a reply brief from Plaintiff directed to certain issues raised by Defendants' response.

Accordingly, it is **ORDERED** that, within **seven (7) days** of the date of this Order, Plaintiff shall file a reply brief, not to exceed **five (5) pages** in length, to

---

[1] Defendants filed an initial response on June 14, 2024, and another response on June 17, 2024, which second response includes executed declarations in support. Doc. Nos. 70–71. Because both responses were timely, *see* Local Rule 3.01(c), the Court considers the second-filed response with the executed declarations, Doc. No. 71.

<u>include citation to applicable legal authority</u>[2] supporting Plaintiff's position and addressing the following:

1.    Defendants' contention that Eddie Silva, who appeared at the mediation, had full settlement authority for both NXT Jet, Inc. and Kevin Wargo.  *See* Doc. No. 71, at 7 ¶ 5, at 10 ¶ 3, at 11 ¶ 3.

2.    Defendants' contention that Plaintiff did not object to mediation proceeding in Mr. Wargo's absence.  *See* Doc. No. 71, at 7 ¶ 6; *see also id.* at 2 (citing *Publix Super Markets, Inc. v. Figareau*, No. 8:19-cv-545-T-27AEP, 2020 WL 2331781, at *2 (M.D. Fla. May 11, 2020); *Aiken v. United States*, No. 8:14-cv-1921-T-33EAJ, 2015 WL 6690123, at *2 (M.D. Fla. Oct. 30, 2015); *Mirabilis Ventures, Inc. v. Palaxar Grp., LLC*, No. 6:07-cv-1788-Orl-28GJK, 2010 WL 5582880, at *4 (M.D. Fla. Dec. 20, 2010), *report and recommendation adopted*, 2011 WL 127167 (M.D. Fla. Jan. 14, 2011); *Cent. Transp. Int'l, Inc. v. Glob. Advantage Distrib., Inc.*, No. 2:06-cv-401-FtM-29SPC, 2007 WL 3124722, at *1 (M.D. Fla. Oct. 24, 2007)).

3.    Defendants' contention that Plaintiff was advised that Mr. Wargo was available by phone or via Zoom if needed, but Plaintiff

---

[2] Citation to legal authority outside of the requirements of the Case Management and Scheduling Order is notably absent from Plaintiff's initial motion.  *See* Doc. No. 69.

made no request for his appearance and proceeded with the mediation in Mr. Wargo's absence. *See* Doc. Nos. 71, at 8 ¶ 8, at 10 ¶ 4, at 12 ¶ 4.

4. Defendants' request for fees and costs should Plaintiff's motion be denied. *See* Doc. No. 71, at 4.

5. Any other issue raised by Defendants' response that Plaintiff deems relevant to resolution of the motion.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2024.

                                                              _____
                                                              LESLIE HOFFMAN PRICE
                                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -