# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZAP AVIATION, LLC,

    Plaintiff,

v.                                                  Case No:   6:23-cv-1149-RBD-LHP

NXT JET, INC. and KEVIN WARGO,

    Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** AMENDED MOTION FOR AND MEMORANDUM IN SUPPORT OF SANCTIONS FOR DEFENDANT'S FAILURE TO APPEAR AT COURT-ORDERED MEDIATION (Doc. No. 69)
>
> **FILED:** June 3, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Pursuant to the requirements of the Case Management and Scheduling Order ("CMSO") entered in this case, the parties were to conduct mediation by October 18, 2024.  Doc. No. 48, at 3.  The CMSO requires that "[e]ach attorney acting as

lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference." *Id.* at 15. The CMSO further states: "**The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference**." *Id.* at 16 (emphasis in original).

The parties filed a Notice stating that their mediation would take place virtually on May 13, 2024. Doc. No. 51. The Court struck that Notice, however, stating: "The Court may accommodate counsel to conduct remote mediation provided that the mediator agrees. But the parties are forewarned that if the remote mediation is unsuccessful, they will be required to mediate again in person." Doc. No. 52. According to a Report of Mediation, the Zoom mediation went forward on May 13, 2024, resulting in an impasse. Doc. No. 67.

Now before the Court is Plaintiff's Amended Motion for Sanctions and Memorandum in Support of Sanctions for Defendant's Failure to Appear at Court-Ordered Mediation, which motion has been referred to the undersigned. Doc. No. 69.[1] The motion is premised entirely on Defendant Kevin Wargo's failure to

---

[1] The undersigned denied without prejudice the first version of this motion for failure to comply with the Local Rules, and before the Court is Plaintiff's amended motion. *See* Doc. Nos. 65, 68, 69.

comply with the CMSO in that Defendant Wargo did not appear at the mediation as required.  *Id.*[2]  Although a person named Eddie Silva, Chief Operating Officer of non-party Fly Alliance, appeared, Plaintiff says that "it is abundantly clear that Silva cannot represent Defendant Wargo."  *Id.* at 2–3.

In response, Defendants say that Mr. Silva had full authority to settle on behalf of Defendant Wargo, Plaintiff did not object to Defendant Wargo's absence from the mediation, Plaintiff went forward with the mediation even in Defendant Wargo's absence, and despite knowing that Defendant Wargo was available by phone or to join the Zoom mediation, Plaintiff made no request for his appearance.  Doc. No. 71.  Accordingly, Defendants argue that sanctions against them are not warranted, but instead, they should be entitled to fees for responding to Plaintiff's "frivolous" motion.  *Id.* at 1, 4.

The Court also ordered a reply brief from Plaintiff, in which Plaintiff reiterates its position that Defendant Wargo's failure to appear constitutes a

---

[2] Although the prior version of this motion raised an issue regarding Defendants' failure to have lead counsel present at mediation, Plaintiff does not renew the argument in the present motion.  *Compare* Doc. No. 65, *with* Doc. No. 69.  Accordingly, the undersigned declines to address it, despite Plaintiff noting the issue in its reply.  *See* Doc. No. 73, at 2, n.1.  *See also, e.g.*, *Torres v. Starbucks Corp.*, No. 8:20-cv-1311-CEH-TGW, 2021 WL 964219, at *6 (M.D. Fla. Mar. 15, 2021) ("Generally, arguments raised for the first time in a reply brief are not properly presented to the Court." (citations omitted)).

violation of the CMSO. Doc. No. 73. Plaintiff also says that it did object to Defendant Wargo's absence at the mediation, and it never excused Defendant Wargo's appearance. *Id.* at 3–4.

Upon consideration, Plaintiff's motion (Doc. No. 69) will be granted, in part. The undersigned discerns from the record no justification for Defendant Wargo's failure to appear at the mediation, as required by the CMSO. *See* Doc. No. 48. Indeed, despite the requirements of the CMSO, Defendants have made no motion for its alteration, for the absence of Defendant Wargo from the mediation or otherwise. And it appears undisputed that Plaintiff raised the issue of Defendant Wargo's absence at the mediation. *See* Doc. Nos. 69, 71, 73. Given the lack of justification for Defendant Wargo's absence, sanctions are warranted, and the Court will require Defendant Wargo and his counsel to reimburse Plaintiff for its portion of the mediator's fees for the unsuccessful mediation. *See* Doc. No. 48, at 16 ("**The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference**." (emphasis in original)); Fed. R. Civ. P. 16(f)(1)(C); *see also, e.g.*, *Redish v. Blair*, No. 5:14-cv-260-Oc-22PRL, 2015 WL 5190585, at *2 (M.D. Fla. Sept. 4, 2015) ("Defendant should not bear the costs associated with Plaintiff's failure to comply with the Court's explicit Case Management and Scheduling Order; Plaintiff and her counsel shall."); *Walter v. 02HR, LLC*, No. 8:07-cv-1129-T-24TGW, 2008 WL 2359915, at *1 (M.D. Fla. June 5,

2008) ("The Court will impose the sanctions jointly on Walter and his counsel, since counsel should not have facilitated Walter's failure to appear in person at the mediation without Court permission."); *King v. Eli Lily & Co.*, No. 3:05-cv-1235-J-33-HTS, 2007 WL 1141512, at *2 (M.D. Fla. Apr. 16, 2007) (ordering payment of opposing party's portion of mediator fee for failure to attend court-ordered mediation).³

Pursuant to the Court's prior Order, because the remote mediation was unsuccessful, the parties shall be required to mediate again **in person**. *See* Doc. No. 52. And because the second mediation has also been necessitated by Defendant Wargo's failure to appear at the first mediation, Defendant Wargo and his counsel shall be responsible for the entire mediator's fee for the second mediation as well. *See* Doc. No. 48, at 16; *see also, e.g.*, *U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., Ltd.*, No. 8:19-cv-448-T-33CPT, 2020 WL 1431605, at *2 (M.D. Fla. Feb. 26, 2020) (imposing sanctions for failure to appear in person at mediation in the form of mediation expenses for first failed mediation as well as costs of second mediation).

---

³ Based on the facts of this case and the specific directive in the CMSO that "[t]he Court will impose sanctions" for failure to attend mediation as required, the undersigned finds the case law cited by Defendant – most of which is factually inapposite - unpersuasive. Doc. No. 71, at 2–3; *see* Doc. No. 48, at 16.

But, upon consideration, Plaintiff's request for attorneys' fees in addition goes too far based on the facts presented. Indeed, Plaintiff proceeded with the first mediation even in Defendant Wargo's absence. And Plaintiff does not dispute Defendants' assertions that Defendant Wargo was available via Zoom or by telephone, but Plaintiff made no request for his appearance before proceeding. Accordingly, the undersigned declines to award sanctions in the form of attorneys' fees for the failed mediation. *See, e.g.*, *Deems v. Swanson Grp., LLC*, No. 3:16-cv-188-J-MCR, 2018 WL 7349246, at *2 (M.D. Fla. Jan. 5, 2018) (granting sanctions for failure to attend mediation but declining to award expenses in conjunction); *cf. Tarmac Am., LLC v. Pro Way Paving Sys., LLC*, No. 8:12-cv-867-T-33EAJ, 2014 WL 12619866, at *3 (M.D. Fla. Feb. 27, 2014) (denying sanctions for failure to appear at mediation in toto where all parties went forward with the mediation with prior knowledge that the non-appearing party would have insufficient representation). *See also generally Home Design Servs., Inc. v. Schwab Dev. Corp.*, No. 6:03-cv-596-Orl-31DAB, 2007 WL 2902963, at *3 (M.D. Fla. Oct. 2, 2007) (noting that, to the extent that Rule 16(f) applied, "the language of the Rule gives the Court broad discretion to fashion sanctions" and declining "to find that attorney's fee sanctions under Rule 16(f) are mandated in all cases").[4]

---

[4] Although the undersigned declines to award the sanctions in toto as requested by

Accordingly, for the reasons discussed herein, it is **ORDERED** as follows:

1. Plaintiff's Amended Motion for and Memorandum in Support of Sanctions for Defendant's Failure to Appear at Court-Ordered Mediation (Doc. No. 69) is **GRANTED in part and DENIED in part**.

2. Within **fourteen (14) days** of the date of this Order, Plaintiff and Defendant Wargo shall conduct a substantive meet and confer on the amount due and owing to Plaintiff for Plaintiff's portion of the mediator's fees for the unsuccessful mediation, with such amount being jointly and severally owed by Defendant Wargo and his counsel.  **On or before expiration of this deadline**, the parties shall file a joint notice of the agreed upon amount due to Plaintiff.  Absent agreement by the parties to the amount due, within **seven (7) days** thereafter, Plaintiff shall file a motion, supported by appropriate documentation, establishing the amount of the mediator fee due to Plaintiff for the unsuccessful mediation.

3. Within **fourteen (14) days** of the date of this Order, the parties are directed to confer, and then advise the Court, on the selection of a date and a

---

Plaintiff, the undersigned is unpersuaded by Defendants' contentions that Plaintiff could somehow waive or excuse Defendants' noncompliance with the CMSO, or that Defendant Wargo's apparent availability via phone or Zoom alone excuses his appearance.  *See ING Bank, fsb v. First Cont'l Mortg., Inc.*, No. 6:09-cv-1708-Orl-35DAB, 2011 WL 13298715, at *2 (M.D. Fla. Feb. 17, 2011) (rejecting substantially similar argument).

mediator for a second, **in-person** mediation, which shall occur on or before the October 18, 2024 deadline set forth in the CMSO.   Defendant Wargo and his counsel shall jointly be required to pay the entirety of the mediator's fee for the second mediation.

4. Plaintiff's Amended Motion (Doc. No. 69) is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties