# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ZAP AVIATION, LLC,

        Plaintiff,

v.                                Case No:   6:23-cv-1149-RBD-LHP

NXT JET, INC.,

        Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR RELIEF UNDER *FED. R. CIV. P. 60* FROM THE COURT'S JULY 10, 2024 ORDER [D.E. 74] AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 80)** |
| **FILED:** | **September 10, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

By prior Order dated July 10, 2024, the undersigned granted in part Plaintiff's motion for sanctions related to mediation, ordered the parties to schedule a second in-person mediation after their May 13, 2024 remote mediation resulted in impasse,

and ordered that Defendant Kevin Wargo and his counsel would be jointly and severally liable for the mediator's fees for both the first and second mediation. Doc. No. 74.   The Order was centrally premised on Mr. Wargo's unexcused absence from the first mediation.   *Id.*   Neither Mr. Wargo nor his counsel appealed that Order to the presiding District Judge.

On August 30, 2024, Mr. Wargo was dismissed from the case on Defendants' motion.   Doc. No. 78; *see also* Doc. No. 58.   Now, by the above-styled motion, Defendant NXT Jet, Inc. seeks relief from the July 10, 2024 Order under Federal Rule of Civil Procedure 60(b)(5), (6)[1] because Mr. Wargo has been dismissed from the case, noting its general disagreement with the July 10, 2024 Order and arguing that enforcement of the July 10, 2024 Order would be inequitable.   Doc. No. 80.   NXT Jet, Inc. seeks an Order setting aside the requirement that the parties engage in a second mediation, or alternatively, if the second mediation is required, Mr. Wargo not be required to attend and the mediator's fee be equally borne by the parties.   *Id.*

———————————

[1] Rule 60(b) provides, in relevant part:   "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff takes no position on whether a second mediation should still be required, but opposes the request not to impose the mediator's fees against solely Mr. Wargo and his counsel.   Doc. No. 82.

On review, NXT Jet, Inc.'s motion is due to be denied for several reasons. First, the motion was filed by NXT Jet, Inc., without explanation as to why NXT Jet, Inc. would have standing to seek to set aside sanctions imposed against Mr. Wargo and his counsel.  *See generally Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1519 (11th Cir. 1987) ("[I]n order to bring a Rule 60(b) motion a person must have standing under that rule.").

Second, it should go without saying that because Mr. Wargo is no longer a party to the case, *see* Doc. No. 78, he is not required to attend or participate in the second mediation scheduled for October 8, 2024.

Third, the bulk of NXT Jet, Inc.'s motion is merely a relitigation of its position taken in opposing Plaintiff's initial motion for sanctions, arguments that the Court will not consider on a Rule 60 motion.  *See Whidden v. Fed. Ins. Co.*, No. 8:21-cv-3012-SCB-UAM, 2023 WL 7290663, at *1 (M.D. Fla. Oct. 2, 2023) ("Rule 60(b) is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." (citation and quotation marks omitted)).   Again, the undersigned notes that no appeal was taken from the July 10, 2024 Order.

Fourth, to the extent that NXT Jet, Inc. argues that a second mediation should no longer be required because Mr. Wargo is no longer a party, this position is contrary to the directives of the presiding District Judge regarding the parties' first failed mediation which took place by remote means. *See* Doc. No. 52 ("[T]he parties are forewarned that if the remote mediation is unsuccessful, they will be required to mediate again in person.").

Fifth, NXT Jet, Inc. cites no legal authority for its apparent position that court-ordered monetary sanctions are mooted or rendered "no longer equitable" by a subsequent dismissal of the party from the case, for litigation misconduct (*i.e.*, failure to appear at court-ordered mediation) that took place during the course of the case. Absent such authority, the July 10, 2024 Order (Doc. No. 74) stands, except, of course, Mr. Wargo will not be required to appear at the rescheduled October 8, 2024 mediation.

For these reasons, Defendants' Motion for Relief Under Fed. Civ. P. 60 from the Court's July 10, 2024 Order (Doc. No. 80) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties